**The below described is SIGNED.**



**Dated: April 17, 2013**



R. KIMBALL MOSIER
U.S. Bankruptcy Judge

---

*Prepared by:*

Matthew M. Boley, Esq. (8536)
Victor P. Copeland (13511)
**PARSONS KINGHORN HARRIS, P.C.**
111 E. Broadway, 11th Floor
Salt Lake City, UT  84111
Telephone: (801) 363-4300
Facsimile:  (801) 363-4378
E-mail:  mmb@pkhlawyers.com

*Attorneys for* debtors-in-possession
CHARLES W. BENNINGTON and
CHRISTINA M. BENNINGTON

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br>**CHARLES W. BENNINGTON** and<br>**CHRISTINA M. BENNINGTON**,<br>Debtors. | Bankruptcy No. 12-27710 RKM<br>Chapter 11<br>Honorable R. Kimball Mosier |

### FINDINGS AND CONCLUSIONS REGARDING CONFIRMATION
### OF DEBTORS' CHAPTER 11 PLAN

This matter came before the Court on April 17, 2013 at 2:00 p.m. (the "**Confirmation Hearing**") to consider confirmation of the plan under chapter 11 of the Bankruptcy Code dated February 28, 2013 [Docket No. 94] (the "**Plan**") filed by Charles W. Bennington and Christina M. Bennington, debtors-in-possession ("**Debtors**" or the "**Debtor**").  Matthew M. Boley appeared on behalf of the Debtor.  J. Vincent Cameron appeared on behalf of the United States Trustee.  Other counsel and parties-in-interest noted their appearances on the record.

Based upon the evidence received at the Confirmation Hearing, the Debtors' *Memorandum of Law in Support of Confirmation of Debtors' Chapter 11 Plan* [Docket No. 208] other papers filed concerning the Plan [*e.g.*, Docket Nos. 93, 96, 98, 121, 122, 124, 126 and 127],

the statements of counsel and other matters of record, having inquired into the legal sufficiency of the evidence adduced, and good cause appearing, the Court hereby

**FINDS AND CONCLUDES**[1] as follows:

A. <u>Exclusive Jurisdiction; Venue; Core Proceeding</u>. This Court has jurisdiction over the Bankruptcy Case[2] pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B. <u>Judicial Notice</u>. This Court takes judicial notice of the docket of the Bankruptcy Case maintained by the Bankruptcy Court, including, without limitation, all pleadings, papers and other documents filed, all orders entered, and the transcripts of, and all minute entries on the docket indicating the evidence and arguments made, proffered or adduced at the hearings held before the Court during the pendency of the Bankruptcy Case.

C. <u>Transmittal and Mailing of Materials; Notice</u>. All due, adequate, and sufficient notices of the Plan, the Confirmation Hearing, and the deadlines for voting on and filing objections to the Plan, were given to all known holders of Claims in accordance with the Bankruptcy Rules. The Disclosure Statement, Plan, and relevant ballots were transmitted and served in substantial compliance with the Bankruptcy Rules upon Creditors and holders of Equity Interests entitled to vote on the Plan, and such transmittal and service were adequate and sufficient. No other or further notice of the Plan or Confirmation Hearing is or shall be required.

D. <u>Solicitation</u>. The solicitation of votes for acceptance or rejection of the Plan complied with §§ 1125 and 1126,[3] Bankruptcy Rules 3017 and 3018, all other applicable

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. Pro. 7052.

[2] Capitalized terms used but not otherwise defined herein are defined in the Plan.

[3] Unless otherwise provided, all references to statutory sections in these Findings and Conclusions using the section symbol "§" are to the relevant sections of the Bankruptcy Code.

provisions of the Bankruptcy Code, and all other rules, laws, and regulations. Based on the record before the Court in the Bankruptcy Case, the Debtor has acted in "good faith" within the meaning of § 1125, and is entitled to the protections afforded by § 1125(e).

    E.    <u>Distribution</u>. All procedures used to distribute the solicitation materials to the applicable holders of Claims and Equity Interests and to tabulate the ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court, and all other rules, laws, and regulations.

    F.    <u>Creditors' Acceptance of Plan</u>. The Plan establishes twelve Classes of Claims. Only on impaired Class has rejected the Plan – Class 8. All other impaired Classes have accepted the Plan. Classes 1 and 5 have indicated their acceptance of the Plan by stipulation [Docket No. 122]. Classes 2, 7 and 9 affirmatively voted to accept the Plan. No qualifying ballots were returned with respect to Classes 3, 4, 6, 10, 11 or 12, and no creditors in those Classes objected to confirmation of the Plan. As such, Classes 3, 4, 6, 10, 11 and 12 are deemed to have accepted the Plan.[4]

    G.    <u>Plan Complies with Bankruptcy Code</u>. The Plan, as supplemented and modified by the Confirmation Order (as modified and supplemented, the "**Confirmed Plan**"), complies with the applicable provisions of the Bankruptcy Code, thereby satisfying § 1129(a)(1).

        i.    <u>Proper Classification</u>. The Claims placed in each Class are substantially similar to other Claims in each such Class. The Confirmed Plan properly classifies Claims. In addition to Administrative Expense Claims and Priority Tax Claims, which are not classified under the Confirmed Plan, the Plan designates various separate Classes of Claims based on differences in their legal nature or priority. Further, valid business, factual and legal reasons exist for separately classifying the various Classes of Claims

---

[4] See, e.g., In re Ruti-Sweetwater, Inc., 836 F.2d 1263, 1267-68 (10th Cir. 1988); In re John Kuhni Sons, Inc., 10-29038 RKM, 2011 WL 1343206 at *4 (Bankr. D. Utah Mar. 30, 2011); In re Jones, 530, F.3d 1284, 1291 (10th Cir. 2008); In re Armstrong, 292 B.R. 678, 684 (10th Cir. B.A.P. 2003).

under the Plan. Finally, the Classes do not unfairly discriminate between holders of Claims. Thus, the Confirmed Plan satisfies §§ 1122 and 1123(a)(1).

    ii.    <u>Specify Unimpaired Classes</u>. There are no unimpaired Classes under the Confirmed Plan. All Classes of Claims are impaired. Thus § 1123(a)(2) is satisfied.

    iii.    <u>Specify Treatment of Impaired Classes</u>. Classes 1 through 12 are designated as impaired under the Confirmed Plan. Article IV of the Confirmed Plan specifies the treatment of the impaired Classes of Claims, thereby satisfying § 1123(a)(3).

    iv.    <u>No Discrimination</u>. The Confirmed Plan provides for the same treatment for each Claim in each respective Class unless the holder of a particular Claim has agreed to less favorable treatment with respect to such Claim, thereby satisfying § 1123(a)(4).

    v.    <u>Implementation of Plan</u>. The Confirmed Plan provides adequate and proper means for implementation of the Confirmed Plan, thereby satisfying § 1123(a)(5). Among other things, Articles 5 and 6 of the Confirmed Plan provide for (a) the revesting of the property of the Debtors and the chapter 11 bankruptcy estate in the Reorganized Debtor, (b) the appointment of a Plan Trustee and a Conflict Trustee, (c) the orderly liquidation of the properties and assets of the Debtors, and (d) contributions of post-petition earnings by the Debtors in the form of both Disposable Income and additional Voluntary Contributions.

    vi.    <u>Corporate Charter Provision Inapplicable</u>. Section 1123(a)(6) is not applicable as the Debtors are individuals.

    vii.    <u>Selection of Post-Confirmation Managers</u>. The identity and affiliations of the Plan Trustee and Conflict Trustee are disclosed in the Disclosure Statement and the Confirmed Plan. Further, provisions in the Confirmed Plan regarding the manner of selection of the Reorganized Debtor's managers are consistent with the interests of Creditors and with public policy. Thus, § 1123(a)(7) is satisfied.

viii. <u>Payments from Future Income of the Debtors</u>. The Confirmed Plan requires the Debtors to contribute their Disposable Income and additional Voluntary Contributions to the Plan to pay administrative claims, unclassified priority claims, and creditor claims. As such, § 1123(a)(8) is satisfied.

ix. <u>Additional Plan Provisions</u>. The Confirmed Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including provisions respecting (a) the assumption of executory contracts and unexpired leases, and (b) the retention and future enforcement by the Debtor of claims under chapter 5 and applicable non-bankruptcy law, and (c) modification of the rights of holders of secured claims, thus satisfying the requirements of § 1123(b).

x. <u>Bankruptcy Rule 3016(a)</u>. The Confirmed Plan is dated and identifies the Debtors as the proponent, thereby satisfying Bankruptcy Rule 3016(a).

H. <u>The Confirmed Plan and the Proponents Comply with the Bankruptcy Code</u>. The Confirmed Plan complies with the applicable provisions of the Bankruptcy Code. Likewise, the Debtors have complied with the applicable provisions of the Bankruptcy Code. Thus, §§ 1129(a)(1) and (a)(2) are satisfied.

i. The Debtors are a proper proponent of the Confirmed Plan under § 1121(c).

ii. The Debtors have complied with the applicable provisions of the Bankruptcy Code, including § 1125, the Bankruptcy Rules, and other orders of the Court in transmitting the Plan, the Disclosure Statement, the ballots, related documents and notices, and in soliciting and tabulating votes on the Plan.

I. <u>Plan Proposed in Good Faith</u>. The Confirmed Plan is proposed in good faith and not by any means forbidden by law, and therefore complies with the requirements of § 1129(a)(3). In determining that the Confirmed Plan has been proposed in good faith, the Court

has examined the totality of the circumstances surrounding the filing of the Bankruptcy Case and the formulation of the Confirmed Plan. Among other things, the Court finds:

    i.    the Debtors filed this Bankruptcy Case, and have proposed the Confirmed Plan, for a valid reorganizational purpose;

    ii.    neither this Bankruptcy Case nor the Confirmed Plan was filed as a litigation tactic or for delay;

    iii.    the Debtors have been, and are, actively prosecuting this Bankruptcy Case;

    iv.    the Debtors proposed the Confirmed Plan with the legitimate and honest purpose of, among other things, maximizing returns to creditors;

    v.    the Confirmed Plan is the fruit of extensive arms-length negotiations, including discussions with the United States Trustee and the IRS;

    vi.    the Confirmed Plan contemplates substantial repayment of creditors' claims from both (a) the Debtors' post-petition earnings, and (b) an orderly liquidation of the Debtors' properties and asset;

    vii.    the Debtors have ongoing income and substantial assets to fund repayment of creditor claims under the Confirmed Plan;

    viii.    the Debtors have multiple assets of substantial value as opposed to a single asset that is fully encumbered;

    ix.    many of the Debtors' assets are unencumbered;

    x.    further, the Debtors have substantial equity in those assets that are subject to liens;

    xi.    the Debtors have meaningful "cash flow" that will, at least in part, fund the payments and distributions contemplated under the Confirmed Plan;

    xii.    there are available sources of income and revenue to sustain the Confirmed Plan;

    xiii. the Debtors are current on their post-petition installment payments to secured creditors – *to wit*, all secured creditors are adequately protected;

    xiv. as further evidence of the Debtors' ability to meet their payment obligations under the Plan, the Debtors have paid at least $15,500 to professionals from post-petition earnings since this Case was filed, which is greater than the annual contributions of Disposable Income and Voluntary Contributions required under the Confirmed Plan;

    xv. this is not a bankruptcy case involving a single creditor;

    xvi. rather, the Debtors have multiple unsecured creditors that have filed claims in the Bankruptcy Case and that have participated in balloting on the Confirmed Plan;

    xvii. the Debtors' property was not posted for foreclosure or subject to foreclosure at the time the Bankruptcy Case was filed;

    xviii. the Debtors have a reasonable possibility of reorganization; and

    xix. the Confirmed Plan is feasible, practical and there is a reasonable likelihood that the Confirmed Plan will achieve its intended results, which are consistent with the purposes of the Bankruptcy Code.

  J. <u>Payments for Services or Costs and Expenses</u>.  Any payment made or to be made under the Confirmed Plan for services or for costs and expenses in or in connection with the Bankruptcy Case prior to the Effective Date, including all fees and expenses incurred by Professionals, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying § 1129(a)(4).

  K. <u>Managers of the Reorganized Debtor</u>.  The Confirmed Plan and the Disclosure Statement identify Mr. Charles Bennington as the initial Plan Trustee, and identify Jeremy Sink, Esq. as the initial Conflict Trustee.  The service of these post-confirmation managers is

consistent with the interests of the holders of Claims and with public policy. Therefore, the requirements of § 1129(a)(5) are satisfied.

L.      No Rate Changes. The Confirmed Plan satisfies § 1129(a)(6) because the Confirmed Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

M.      Best Interests of Creditors Test. The Confirmed Plan satisfies § 1129(a)(7) with respect to all Classes of Claims other than Class 8, because Classes 1 through 7 and 9 through 12 have accepted the Plan as modified in the Confirmation Order, which modifications have resulted in the Confirmed Plan. The holders of Class 8 Claims (and all other Classes of Claim) will receive or retain under the Confirmed Plan on account of such Claim property of a value, as of the Effective Date, that is not less than the amount that such holder would so receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date. Among other things:

      i.      the Confirmed Plan specifies that, "[t]he holders of Allowed Class 8 Claims shall be paid (a) the full amount of their Claim as of the Petition Date, plus interest from and after the Effective Date a[t] the Applicable Rate," and that "[u]pon sale of Collateral securing the Claim, the holders of Allowed Class 8 Claims shall be paid from the proceeds of the sale," (Confirmed Plan § 4.8.2.3);

      ii.      the Confirmed Plan specifies that, "unless and until the Court determines that Bowman's Lien is invalid, unenforceable or avoidable, the holders of Allowed Class 8 Claims shall retain their Liens upon the property of the Debtor until either (a) their Claims are paid in full, or (b) their Collateral is sold (in which case the Lien shall attach to the cash proceeds)," (Confirmed Plan § 4.8.3);

      iii.      the Confirmed Plan contemplates the orderly liquidation of all or substantially all of the Debtors' properties and assets – initially by the Plan Trustee and, after the fourth Distribution Date, by the Conflict Trustee – and that the proceeds from

the sale of such properties and assets will used to fund payments and distributions under the Confirmed Plan, (see Confirmed Plan §§ 5.5 and 5.6); and

 iv. in addition to the proceeds of the orderly liquidation of the property of the Reorganized Debtor, payments to creditors additionally will be funded through contributions of the Debtors' post-petition earnings, in the form of Disposable Income and additional Voluntary Contributions, (see Confirmed Plan §§ 5.3 and 5.4).

N. <u>Acceptance by Certain Classes</u>. Classes 1 through 7 and 9 through 12 have accepted the Confirmed Plan, as noted above, thereby satisfying § 1129(a)(8) as to all Classes of Claims except only Class 8.

O. <u>Treatment of Administrative Expense Claims and Priority Tax Claims</u>. The Confirmed Plan satisfies the requirements of § 1129(a)(9). Except to the extent the holder of a particular Claim agrees to a different treatment, the Plan specifies that Administrative Expense Claims (including professional compensation) and Priority Tax Claims shall be paid as mandated by § 1129(a)(9).

P. <u>Acceptance by at Least One Impaired Class</u>. Classes 1 through 7 and 9 through 12 have accepted the Confirmed Plan, and the acceptance of at least one of such accepting impaired Classes has been determined without including the votes of any insiders, thus satisfying § 1129(a)(10).

Q. <u>Feasibility</u>. The Confirmed Plan is feasible and complies with § 1129(a)(11) because confirmation is not likely to be followed by a liquidation or the need for further financial reorganization of the Debtors, excepting the liquidation specifically contemplated under the Confirmed Plan. The Confirmed Plan offers a reasonable prospect of success and is workable. The Confirmed Plan specifically contemplates the orderly liquidation of the Debtors' properties and assets to fund payments and distributions under the Confirmed Plan. Further, the Debtors have presented credible evidence of their earning power, and the reasonable prospect of post-confirmation earnings. There is a reasonable prospect that the Debtors' anticipated future

income will be sufficient to fund the payments required under the Confirmed Plan, and that the Debtors will be able to satisfy their obligations under the Confirmed Plan. The Debtors have remained, and are, current in payment the monthly installments due to the holders of Secured Claims in Classes 4, 6 and 7. Further, although the Debtors have experienced some income disruptions during the last year, they nevertheless have paid $15,500 to fund retainers and/or payments to professionals from their post-petition earnings – which is more than the annual contributions of post-petition earnings required under section 5.4 of the Confirmed Plan. In summary, the evidence shows that the Confirmed Plan offers a reasonable prospect of success, and is workable. As such, the requirements of section 1129(a)(11) are satisfied.

  R. <u>Payment of Fees</u>.  All fees payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date pursuant to Section 2.2.3 of the Confirmed Plan, thereby satisfying § 1129(a)(12).

  S. <u>Continuation of Retiree Benefits</u>.  The Confirmed Plan complies with § 1129(a)(13) because the Debtors are not obligated to pay any retiree benefits subject to § 1114.

  T. <u>No Domestic Support Obligations</u>.  The Debtors do not have any domestic support obligations.  Therefore § 1129(a)(14) is not applicable.

  U. <u>Projected Disposable Income</u>.  The Debtors' disposable income, as defined in § 1325(b)(2), is $421.47 per month.  Section 5.4 of the Plan requires the Debtors to contribute Disposable Income in this amount, together with additional Voluntary Contributions.  Under sections 5.4 and 5.6 of the Plan, the combined Disposable Income and Voluntary Contribution will fund payment of and/or distributions on account of Administrative Expense Claims, Priority Claims and nonpriority Unsecured Claims.  As such, the value of the property to be distributed under the Confirmed Plan is not less than the projected disposable income of the Debtors (as defined in § 1325(b)(2)) to be received during the 5-year period beginning on the date that the first payment is due under the Confirmed Plan, or during the period for which the Confirmed Plan provides payments, whichever is longer and, therefore, § 1129(a)(15) is satisfied.

V.  <u>Transfers Will Comply with Nonbankruptcy Law</u>.  The Plan complies with § 1129(a)(16) because any transfers of assets to be made under the Confirmed Plan will be made in accordance with applicable nonbankruptcy law that governs the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

W.  <u>Fair and Equitable; No Unfair Discrimination</u>.  All Classes of Claims have accepted (or are deemed to have accepted) the Confirmed Plan, excepting only Class 8.  As such, compliance with § 1129(b) is not required as to such accepting Classes.  Class 8 has not accepted the Confirmed Plan.  The Confirmed Plan does not discriminate unfairly, and is fair and equitable, with respect to Class 8.  Further, even as to the accepting Classes, the Confirmed Plan does not discriminate unfairly, and is fair and equitable, with respect to each Class of Claims.

    i.  *Class – Disputed Secured Claim of Bowman.*  The Confirmed Plan specifies that, "unless and until the Court determines that Bowman's Lien is invalid, unenforceable or avoidable, the holders of Allowed Class 8 Claims shall retain their Liens upon the property of the Debtor until either (a) their Claims are paid in full, or (b) their Collateral is sold (in which case the Lien shall attach to the cash proceeds)." (Confirmed Plan § 4.8.3).  The Confirmed Plan further specifies that, "[t]he holders of Allowed Class 8 Claims shall be paid (a) the full amount of their Claim as of the Petition Date, plus interest from and after the Effective Date a[t] the Applicable Rate," and that "[u]pon sale of Collateral securing the Claim, the holders of Allowed Class 8 Claims shall be paid from the proceeds of the sale." (Confirmed Plan § 4.8.2.3)  As such, the Confirmed Plan provides for the sale, subject to § 363(k), of the property that is subject to the Liens ostensibly securing the Class 8 Claim, free and clear of such liens, with such liens to attach to the proceeds of such sale.  Further, the Confirmed Plan provides, as to the treatment of the lien on such proceeds, (a) that each holder of a Class 8 Claim will realize the indubitable equivalent of its claim, and/or (b) that each holder of a Class 8 Claim will receive on account of such claim deferred cash payments totaling at least the

allowed amount of such claim, of a value, as of the Effective Date, of at least the value of such holder's interest in the estate's interest in such property.

    ii.    *Other Classes of Secured Claims.* The Plan satisfies at least one of the three alternatives under § 1129(b)(1)(A) as to each Class of Secured Claims.

    iii.    *Unsecured Claims.* Even if Class 2 was a dissenting Class and the cram down requirements under § 1129(b)(1)(A) were applicable, the "absolute priority rule" is satisfied. Specifically, the Confirmed Plan provides for the orderly liquidation of all or substantially all of the Debtors' assets to fund payments and distributions to creditors. In addition, the Confirmed Plan requires the Debtors to contribute substantial post-petition earnings to fund payments and distributions. The funds that the Debtors will contribute in the form of Disposable Income and additional Voluntary Contributions greatly exceed the value of any property that the Debtors may or will retain under the Plan. As such, even if the "absolute priority rule" applied in this Case, it would be satisfied by the "new value" that the Debtors will contribute under the Confirmed Plan.

X.    <u>No Other Plan.</u> No other chapter 11 plan is pending before the Court in this Bankruptcy Case, and so § 1129(c) does not apply.

Y.    <u>Principal Purpose of Plan</u>. The principal purpose of the Confirmed Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e). Therefore, the Confirmed Plan satisfies the requirements of § 1129(d).

Z.    <u>Not a Small Business Case</u>. This is not a small business case. As such, § 1129(e) is not applicable.

AA.    The Court announced other findings of fact and conclusions of law on the record at the Confirmation Hearing, which findings and conclusions are incorporated herein by reference.

BB. In summary, the Confirmed Plan complies with, and the Debtors have satisfied, all applicable confirmation requirements, and the Confirmed Plan will be confirmed by entry of the separate Confirmation Order.

------------------------------------- END OF DOCUMENT -------------------------------------

## **DESIGNATION OF PARTIES TO BE SERVED**

Service of the foregoing **FINDINGS AND CONCLUSIONS REGARDING CONFIRMATION OF DEBTORS' CHAPTER 11 PLAN** shall be served to the parties and in the manner designated below:

**By Electronic Service**: I certify that the parties of record in this case as identified below, are registered CM/ECF users, and will be served notice of entry of the foregoing Order through the CM/ECF System:

- S. Mark Barnes    stephen.m.barnes@irscounsel.treas.gov
- Matthew M. Boley    mmb@pkhlawyers.com, dh@pkhlawyers.com
- James Vincent Cameron tr    Vince.Cameron@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov; Suzanne.Verhaal@usdoj.gov
- Victor P Copeland    vpc@pkhlawyers.com, dh@pkhlawyers.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov

**By U.S. Mail**: In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

☐ None

☒ If there are additional parties list the names and addresses of the additional parties.

| Bill Bowman | William E. Cooper |
|---|---|
| 3702 North 35th Street | 1165 South Broadway #422 |
| Phoenix, AZ 85018 | Denver, CO 80210 |

☐ All parties on the Court's official case matrix.

/s/ Matthew M. Boley